UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| SHAUWN NETTLES, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:13-CV-146 JAR |
| GEORGE LOMBARDI, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Motions to Dismiss for Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendants Kayla Williams, Michael Hakala, and Dana Nix (Doc. Nos. 30, 32, 36) and Motion for Summary Judgment on Behalf of Defendants Michael Hakala, Dana Nix and Kayla Williams. (Doc. No. 42) The motions are fully briefed and ready for disposition. The Court elects to proceed on Defendants' motion for summary judgment.

**Background**

Plaintiff Shauwn Nettles is a Missouri inmate who, at all relevant times, was confined at Southeast Correctional Center ("SECC"). Defendant Michael Hakala was a physician and Defendants Dana Nix and Kayla Williams were nurses employed during the relevant time frame by Corizon LLC to provide medical care and treatment to inmates incarcerated within the Missouri Department of Corrections ("MDOC"). Defendants Hakala, Nix and Williams are collectively referred to as "the Corizon defendants."

Plaintiff brings this action under 42 U.S.C. § 1983 seeking damages against the Corizon defendants for deliberate indifference to his serious medical needs in violation of the Eighth

Amendment to the United States Constitution. (Second Amended Complaint ("SAC"), Doc. No. 13 at ¶ 39) Specifically, Plaintiff alleges the Corizon defendants provided insufficient medical care and treatment for injuries he sustained to his hands on January 31, 2013 as the result of excessive use of force by MDOC correctional officers at SECC. (Id. at ¶¶ 18, 19, 33) Corizon defendants contend they are entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies as mandated by 42 U.S.C. § 1997e(a).

**Facts**

Plaintiff alleges that following the incident of alleged excessive force on January 31, 2013, he was escorted to HU-1, where Defendant Nix performed an "inefficient assessment" of him. Later that same day, Nix responded to Plaintiff's self-declared medical emergency but performed an "ineffective assessment" of him. (Id. at ¶¶ 18, 21, 24) Plaintiff further alleges that on or about February 15, 2013, he was seen by Defendant Williams in sick-call, where she "provided an ineffective assessment and prescribed ineffective medicine." She also denied his request to see a physician. (Id. at ¶ 34) On or about May 1, 2013, Williams saw Plaintiff in sick-call and "provided another insignificant assessment." (Id. at ¶ 35) Finally, Plaintiff alleges Defendant Hakala examined his thumb on or about April 12, 2013, and diagnosed him with a pinched nerve, which might never regain normal feeling. Hakala did not provide him with any pain medication. (Id. at ¶ 37)

There is no dispute that at this time, MDOC had in effect a three-step process for inmates to internally lodge complaints against MDOC and its staff, detailed at Section D5–3.2 of the MDOC Manual, Offender Grievance (2009). (See Doc. No. 43-3; Defendants' Statement of Uncontroverted Material Facts ("DSOF"), Doc. No. 44 at ¶ 15) First, an inmate files an Informal Resolution Request ("IRR"). (Id. at Section III.A.3; SOF at ¶ 17(a)) An offender is allowed to

file only one complaint on one IRR form. (Id. at Section III.K.l.a.(l); DSOF at ¶ 18) The IRR must be filed within fifteen days of the incident. (Id. at Section III.K.1; DSOF at ¶ 17(a)) If dissatisfied with the IRR response, the inmate may file a formal grievance within seven days from the date of the IRR response. (Id. at Section III.L.1, 4; DSOF at ¶ 17(a)) Failure to timely file a grievance results in the complaint being abandoned.[1] (Id. at Section III.L.4; DSOF at ¶ 17(b)) The last stage of the offender grievance procedure is the grievance appeal. An inmate must file an appeal within seven calendar days from the date of the offender grievance response to avoid the appeal being abandoned. (Id. at Section III.M.1; DSOF at ¶ 17(c)) (Corizon defendants' Statement of Uncontroverted Material Facts ("DSOF"), Doc. No. 44 at ¶ 17) After receiving the grievance appeal response, the inmate has exhausted the grievance process.[2]

It is also undisputed that on March 1, 2013, Plaintiff filed an Informal Resolution Request ("IRR 13-340") lodging multiple complaints against the following individuals: Defendant Nix, for events occurring on or about January 31 and February 1, 2013; Nurse Knox, for an event occurring on or about February 1, 2013; Nurse Lynette, for an event occurring on or about February 1, 2013; Nurse Jesse, for an event occurring on or about February 13, 2013; and Defendant Williams, for an event occurring on or about February 15, 2013. (Doc. No. 44-2: DSOF at ¶¶ 13, 14, 25) Plaintiff did not file an IRR pertaining to the April 12, 2013 medical encounter with Defendant Hakala or the May 1, 2013 medical encounter with Defendant Williams. (DSOF at ¶¶ 21, 22) IRR 13-340 was denied on or about April 5, 2013 because it was not filed within 15 days of any of the dates referenced above. (DSOF at ¶ 23) Plaintiff took no

---

[1] "Abandonment" is defined as the "[c]losure of a complaint due to offender's failure, within applicable time frames, to: (1) file a formal grievance; (2) appeal the superintendent's response (to the grievance], …" (Doc. No. 43-3, Section II.A.1, 2)

[2] "Exhaustion" is defined as "[c]ompletion of the formal procedure at the appeal level prior to filing a lawsuit." (Id., Section II.A.I)

action in response to the denial of IRR 13-340. (DSOF at ¶ 24) Plaintiff disputes that he did not file or initiate any grievance procedures other than IRR 13-340 between January 31, 2013 and May 31, 2013, and states he made multiple attempts to file any and all grievance procedures known to him during the applicable period referenced. (DSOF at ¶ 26; Plaintiff's Resp., Doc. No. 58 at ¶ 26; Affidavit of Shauwn Nettles ("Nettles Aff."), Doc. No. 58-1 at ¶¶ 3-5) He does not, however, support these conclusory assertions with any evidence.

**Discussion**

In response to Corizon defendants' summary judgment motion, Plaintiff requests the Court dismiss the motion as premature and allow time for discovery to ascertain the facts at issue in this case. (Doc. No. 59 at 3) In further response, Plaintiff argues he was never provided a MDOC Manual D5-3.2 Offender Grievance or made aware of the IRR-Grievance-Appeal process required for preserving and exhausting his administrative rights. (Id. at 4)

Corizon defendants reply that Plaintiff had sufficient time to undertake and complete discovery, but filed no written discovery and took no depositions.[3] (Doc. No. 65 at 2) In further reply, Corizon defendants argue that an inmate's lack of awareness of a grievance procedure does not excuse compliance with the Prisoner Litigation Reform Act. See Chelette v. Harris, 229 F.3d 684, 688 (8th Cir.2000) ("Section 1997e(a) says nothing about a prisoner's subjective beliefs, logical or otherwise, about the administrative remedies that might be available to him.

---

[3] Defendants filed their motion for summary judgment on February 22, 2015. The Court entered a Case Management Order on March 11, 2015. (Doc. No. 50) On March 18, 2015, Plaintiff filed a motion for additional time to respond, which motion was granted on March 19, 2015. (Doc. No. 52) On June 24, 2015, this Court, upon review of the record, ordered Plaintiff to respond to Defendants' motion. (Doc. No. 57) On July 22, 2015, Plaintiff filed his Memorandum in Opposition, Response to Statement of Uncontroverted Material Facts and Statement of Additional Material Facts. (Doc. Nos. 58, 59, 60) At no time prior did Plaintiff request additional time to conduct discovery.

The statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them."). (Id. at 3-5)

"As a general rule, summary judgment is proper 'only after the nonmovant has had adequate time for discovery.' " Hamilton v. Bangs, McCullen, Butler, Foye & Simmons, L.L.P., 687 F.3d 1045, 1049 (8th Cir. 2012) (quoting Iverson v. Johnson Gas Appliance Co., 172 F.3d 524, 530 (8th Cir. 1999)). "Nonmovants may request a continuance under Rule 56([d])[4] until adequate discovery has been completed if they otherwise cannot present facts sufficient to justify their opposition. This option exists to prevent a party from being unfairly thrown out of court by a premature motion for summary judgment." Id. at 1050 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986)). The party seeking additional discovery must show that: "(1) they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) the facts sought exist, and (3) these sought-after facts are 'essential' to resist the summary judgment motion." Toben v. Bridgestone Retail Operations, LLC, 751 F.3d 888, 895 (8th Cir. 2014) (quoting State of Cal., on Behalf of Cal. Dep't of Toxic Subs. Control v. Campbell, 138 F.3d 772, 779 (9th Cir.1998)). "Rule 56([d]) does not condone a fishing expedition where a plaintiff merely hopes to uncover some possible evidence of [unlawful conduct] . . . Specific facts sought must be identified. Mere speculation that there is some relevant evidence not yet discovered will

---

[4] Federal Rule of Civil Procedure 56(d) provides:

> **When Facts Are Unavailable to the Nonmovant**. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). This was previously governed under Rule 56(f). See Fed.R.Civ.P. 56 2010 Amendments ("Subdivision (d) carries forward without substantial change the provisions of former subdivision (f).").

never suffice." Ray v. American Airlines, Inc., 609 F.3d 917, 923 (8th Cir. 2010) (internal quotation marks and citations omitted).

Here, Plaintiff has failed to meet Rule 56(d)'s requirement for obtaining additional time to respond to Corizon defendants' summary judgment motion. First, he has not submitted a Rule 56(d) affidavit. Second, his memorandum in opposition to the motion for summary judgment provides no specificity about the discovery he would pursue and what facts relevant to his claims it might uncover. Plaintiff simply states that "continued discovery and deposition testimony is necessary to determine the abundance of factual disputes" and that discovery will "produce additional evidence and deposition testimony … [to] support the presence of numerous disputed material facts." (See Doc. No. 59 at 4, 5)

Similar assertions were rejected by the Eighth Circuit in Hamilton, 687 F.3d 1045, where plaintiff's counsel merely stated in his affidavit that certain "additional discovery will further bolster and support plaintiff's claims and raise additional disputed facts that would defeat defendant's motion." Id. at 1050. Similarly, in Chambers v. The Travelers Cos., Inc., 764 F.Supp.2d 1071 (D.Minn.2011), plaintiff's counsel requested that he receive "all relevant information and documents not timely produced and/or improperly withheld," and be allowed to "conduct and complete such discovery as is appropriate in light of such information/documents before [p]laintiff is required to respond to [defendant's] motion for summary judgment and before this Court decides such motion in this action, pursuant to Fed.R.Civ.P. 56([d])." Id. at 1082. The court ruled this broad request did not meet the requirements of Rule 56(d), which requires the plaintiff to identify specific facts that further discovery might uncover, and show how those facts are relevant in rebutting defendant's showing that there is an absence of genuine issues of material fact. Id. (citing Ray, 609 F.3d at 923). Accordingly, the Court finds no reason

to grant Plaintiff's request to dismiss Corizon defendants' motion as premature or postpone its ruling thereon. See Pittman v. Gaines, 905 F.2d 199, 201 (8th Cir. 1990) (A court may proceed to enter summary judgment without allowing additional discovery if there was no evidence concerning what further discovery might produce.).

Turning to Corizon defendants' summary judgment motion, it is well settled that an inmate must exhaust all available administrative remedies before bringing a § 1983 action. 42 U.S.C. § 1997e(a) ("[n]o action shall be brought with respect to prison conditions … by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"). See also Porter v. Sturm, 781 F.3d 448, 451 (8th Cir. 2015) (citing Jones v. Bock, 549 U.S. 199, 211 (2007); Burns v. Eaton, 752 F.3d 1136, 1141 (8th Cir.2014)). Nonexhaustion is an affirmative defense, and defendants have the burden of showing that a plaintiff prisoner failed to exhaust all available administrative remedies under the PLRA. Jones, 549 U.S. at 211-12. An inmate satisfies § 1997e(a) by pursuing "the prison grievance process to its final stage" and receiving "an adverse decision on the merits." Burns, 752 F.3d at 1141. "Section 1997e(a) says nothing about a prisoner's subjective beliefs, logical or otherwise, about the administrative remedies that might be available to him. The statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them." Chelette, 229 F.3d at 688.

Within the Eighth Circuit, inmates are only excused from complying with an institution's grievance procedures when (1) prison officials have prevented them from utilizing prison grievance procedures; or (2) when officials themselves have failed to comply with the procedures. See Gibson v. Weber, 431 F.3d 339, 341 (8th Cir.2005)). "A plaintiff must present some evidence, other than mere conclusory statements to demonstrate that he was precluded

from fully exhausting his administrative remedies." Hahn v. Armstrong, 2010 WL 575748, at *4 (E.D.Mo. Feb.11, 2010) (quoting Gibson, 431 F.3d at 341).

Here, Plaintiff seems to claim that administrative remedies were not available to him because he was not provided with a MDOC Manual D5-3.2 Offender Grievance explaining the applicable grievance procedure or made aware of the IRR-Grievance-Appeal process.[5] Whether or not MDOC was required to provide him with a Manual, the undisputed evidence of record belies Plaintiff's claims. Plaintiff filed 21 IRR grievances between 2003 and December 31, 2012[6], and was obviously aware of and familiar with MDOC's IRR-Grievance-Appeal process. (Doc. No. 65 at 5-6; Affidavit of Latonia Young-Griffin, Doc. No. 63-1) Thus, the grievance procedure was "available" to Plaintiff and he was required to follow that procedure prior to filing his claim against the Corizon defendants. See Gibson, 431 F.3d at 341. Plaintiff also asserts he requested and filed multiple IRRs between January 31, 2013 and May 31, 2013, and sought

---

[5] Pursuant to MDOC Manual D5-3.2 Offender Grievance, offenders receive orientation on the offender grievance procedure as part of the reception program at the facility to which they are assigned, see Doc. No. 43-3 at III.C.1, and the grievance procedure is made available to them in institutional libraries. Id. at III.A.1.

[6] Since approximately 2002 through January 31, 2013, Plaintiff has been incarcerated at Eastern Reception Diagnostic and Correctional Center ("ERDCC"), Farmington Correctional Center ("FCC"), Moberly Correctional Center ("MCC") and South Central Correctional Center ("SCCC"). During this time period, Plaintiff filed the following IRRs/grievances:

    a. ERDCC, 2003: IRR Nos. 03-11011 and 03-1964;

    b. SCCC, 2004: IRR Nos. 04-3236;

    c. FCC, 2005: IRR Nos. 05-216, 05-220, 05-262 , and 05-325;

    d. ERDCC, 2006: IRR Nos. 06-681, 06-1849, 06-2195;

    e. ERDCC, 2007: IRR Nos. 07-359, 07-1738, 07-1903, 07-2406, and 07-2574;

    f. ERDCC, 2008: IRR Nos. 08-182, 08-330, 08-405, 08-1170, and 08-1464; and

    g. MCC, 2012: IRR No. 12-556.

guidance regarding every filing, see Nettles Aff. at ¶¶ 3-5, but does not support these conclusory assertions with any evidence.

**Conclusion**

Plaintiff has presented no evidence that any prison official thwarted an attempt to initiate the grievance procedures or that any official made it impossible for him to file grievances. In fact, the evidence of record shows beyond genuine dispute that the grievance procedure was available to him and that he did not follow it. Because Plaintiff did not exhaust his remedies in accordance with 42 U.S.C. § 1997e(a), his claims must be dismissed. See Porter, 781 F.3d at 452. The Court will grant summary judgment in favor of the Corizon defendants.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment on Behalf of Defendants Michael Hakala, Dana Nix and Kayla Williams [42] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Motions to Dismiss for Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendants Kayla Williams [30], Michael Hakala [32], and Dana Nix [36] are **DENIED** as moot.

A separate Judgment will accompany this Memorandum and Order.

*/s/ John A. Ross*
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

Dated this 31st day of August, 2015.